[21 NYS3d 873]

In the Matter of ARTHUR FRIEDMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 22, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Yvette A. Rosario* of counsel), for petitioner.

*Arthur Friedman*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Arthur Friedman was admitted to the practice of law in the State of New York by the First Judicial Department on December 12, 1966. At all relevant times respondent maintained an office for the practice of law within the First Judicial Department.

Respondent has submitted an affidavit of resignation from the bar, sworn to July 29, 2015. The Departmental Disciplinary Committee now moves this Court to accept respondent's resignation from the practice of law and to strike his name from the roll of attorneys pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11.

Upon review, we are satisfied that respondent's affidavit of resignation conforms to the requirements set forth in 22 NYCRR 603.11, in that respondent states that his resignation is submitted freely, voluntarily, and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, including that, pursuant to 22 NYCRR 603.14 (a) (2), an attorney whose name has been stricken from the roll of attorneys may not petition for reinstatement until expiration of seven years from the effective date of disbarment or removal.

Respondent, who is proceeding pro se, acknowledges that he is aware the Committee is investigating allegations of misuse of his escrow account stemming from a notice sent by the Lawyer's Fund for Client Protection, dated May 12, 2014, stating that a $15,000 electronic payment to American Express from his escrow account to pay a personal bill was dishonored due to insufficient funds. Respondent further states that he no longer uses his escrow account to shield personal funds from the IRS. Respondent acknowledges that if disciplinary charges were brought against him predicated on these allegations, he could not successfully defend himself on the merits against such charges.

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 29, 2015.

GONZALEZ, P.J., FRIEDMAN, SWEENY, GISCHE and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 29, 2015.